[Cite as *State v. Hernandez*, 2017-Ohio-4157.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 16 BE 0008 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| ARTURO DIAZ HERNANDEZ | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of Common Pleas of Belmont County, Ohio Case No. 15 CR 217

JUDGMENT:      Affirmed.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Daniel P. Fry
Belmont County Prosecutor
Atty. Kevin Flanagan
Chief Assistant Prosecuting Attorney
147-A West Main Street
St. Clairsville, Ohio 43950

For Defendant-Appellant:      Atty. Zachary T. Zilai
409 Walnut Street
Martins Ferry, Ohio 43935

Arturo Diaz Hernandez, *Pro se*
#723-675
15708 McConnelsville Road
Caldwell, Ohio 43724

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: June 5, 2017

WAITE, J.

**{¶1}** Appellant Arturo Diaz Hernandez appeals from his sentence following a Crim.R. 11 plea agreement he entered into in the Belmont County Common Pleas Court. Appellant's counsel filed a no merit brief requesting leave to withdraw. A review of the record reveals there are no appealable issues. Thus, Appellant's appointed counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

<u>Factual and Procedural History</u>

**{¶2}** The following facts were derived from the record and are not in dispute. On September 12, 2015 at approximately 6:30 p.m., Appellant attempted to pass three cars on a two-lane highway in a no-passing zone. Appellant moved into the lane with oncoming traffic to begin attempting to pass the cars, and ultimately struck a vehicle in the oncoming lane head-on. Appellant stopped his vehicle and approached the other wrecked car, but then fled on foot. He was later discovered lying in a ditch approximately one-half mile from the crash site. At the scene of the crash, police discovered a few full bottles of beer and several empty ones in Appellant's vehicle. The other vehicle had four passengers who sustained various serious injuries. The driver, Avery Coss, age 30, suffered a broken leg. Front passenger Amanda Woods, age 22, suffered a collapsed lung, lacerated spleen and broken right wrist. Passenger A.C., age 8, suffered lacerations to his face and a contusion on his lung and passenger J.W., age 4, suffered abdominal contusions.

**{¶3}** After being discovered by police, Appellant was taken to the St. Clairsville, Ohio Police Department and was given a breath test. Appellant tested at

.238 BAC, or nearly three times the legal alcohol limit. He was charged with three counts of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1)(a) and (B)(1)(a); driving while under the influence, in violation of R.C. 4511.19(A)(1)(h); and operating a motor vehicle without a valid operator's license, in violation of R.C. 4510.11(B).

{¶4} On February 1, 2016, Appellant entered a guilty plea. Through a certified interpreter, Appellant indicated that he fully understood his plea agreement, had been fully informed of both his constitutional and nonconstitutional rights, and that he was entering his plea voluntarily. (2/1/16 Tr., pp. 5-15.) Appellant pleaded to one count of aggravated vehicular assault, a felony of the second degree, in violation of R.C. 2903.08(A)(1); and one count of operating a vehicle while under the influence, in violation of R.C. 4511.19(A)(1)(h). The remaining counts in the indictment were nolled.

{¶5} On March 4, 2016, a sentencing hearing was held. Another certified interpreter was present during the proceedings. Counsel for Appellant stated that he had reviewed with Appellant what would happen and advised that he had submitted a sentencing memorandum requesting a three-year term of imprisonment. The trial court sentenced Appellant to eight years of incarceration. Appellant filed this timely appeal.

### No Merit Brief

{¶6} Appellate counsel seeks to withdraw from representation after reviewing the record and finding no potentially meritorious arguments for appeal. This filing of a no merit brief is made pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396,

18 L.E.2d 493 (1967). This Court has addressed this no merit brief in *State v. Toney,* 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970). In *Toney,* this Court established the procedure to be undertaken when appellate counsel wishes to withdraw from a case based upon a frivolous appeal.

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, *pro se.*

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments *pro se* of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as

counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

**{¶7}** Appellate counsel filed a no merit brief in this matter on July 28, 2016. On September 16, 2016, Appellee filed a reply brief in the matter. On October 26, 2016, this Court issued a judgment entry informing Appellant of counsel's no merit brief and granting him 30 days to file his own written brief. On November 18, 2016, Appellant filed a *pro se* brief.

**{¶8}** The no merit brief filed by appointed appellate counsel identifies one potential issue for appeal: whether the trial court erred in sentencing Appellant to the maximum sentence for his first felony offense. In reviewing this possible appellate argument, counsel concludes it has no merit and the appeal is frivolous.

**{¶9}** *Toney* requires that we independently review Appellant's case for issues that could possibly be raised on appeal. As indicated, appointed appellate counsel has identified one such issue. To the extent that they can be ascertained from Appellant's *pro se* brief, he has also identified certain issues.

<u>Maximum Sentence</u>

**{¶10}** Looking first at counsel's potential issue, in order to challenge a maximum sentence, an appellate court must establish by clear and convincing evidence that the record does not support the findings of the trial court or that the sentence is otherwise contrary to law. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Thus, we may increase, reduce, modify, or vacate and remand for resentencing if we clearly and convincingly find that the record does

not support the sentencing court's statutory findings, if applicable, or if the sentence is contrary to law. *State v. Grier,* 7th Dist. No. 15 MA 0085, 2016-Ohio-8036, ¶ 9.

**{¶11}** A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Shaw,* 7th Dist. No. 15 BE 0065, 2017-Ohio-1259.

**{¶12}** R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) to protect the public from future crime by the offender and others; and (2) to punish the offender using the minimum sanctions that the court determines to accomplish those purposes without imposing an unnecessary burden on state or local government resources. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

**{¶13}** R.C. 2929.12 provides a nonexhaustive list of sentencing factors the trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. A court that imposes a felony sentence has the discretion to determine the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A). The factors a trial court may consider include the "more serious" factors, such as "[t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim" and

"[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B)(1) and (2). The court may also consider the "less serious" factors, any recidivism factors, and any mitigating factors listed in R.C. 2929.12(C)-(F).

**{¶14}** Here, Appellant entered a plea of guilty to one count of aggravated vehicular assault, a felony of the second degree, in violation of R.C. 2903.08(A)(1); and one count of operating a vehicle while under the influence, in violation of R.C. 4511.19(A)(1)(h). The maximum prison sentence for this felony offense is eight years. R.C. 2929.14(A)(2). Moreover, pursuant to R.C. 2929.13(F), it is presumed that prison is necessary to comply with the purposes and principles of sentencing. Therefore, the sentence was in accordance with the statutory range.

**{¶15}** At the sentencing hearing, the trial court noted that it had considered R.C. 2929.11, R.C. 2929.12, the presentence investigation report, defense counsel's sentencing memorandum, and the victim impact statements. (3/4/16 Tr., pp. 8-9.) The trial court highlighted certain facts, including that Appellant had fled the scene, had a 0.238 blood alcohol content, and had inflicted serious injuries on the victims. None of the victims testified at the hearing, but the trial court quoted portions of the submitted statements which included, *inter alia:* "[h]e ran like a coward", "[n]ot even asking any help from bystanders if we were even alive", "[m]y face hurt and I could feel blood running from it", and "[m]y daughter [was] yelling for me," and "[my daughter] was terrified and crying." *Id.* at 11.

**{¶16}** The sentencing entry also sets forth the trial court's findings regarding Appellant's sentence:

1.    Defendant has a history of criminal convictions including Two Counts of Disturbing the Peace (one count charged as Domestic Violence), DUS, No Operator's License, and Failure to Appear;

2.    Four victims suffered serious injuries as a result of Defendant's actions;

3.  Defendant had not expressed remorse until the sentencing hearing; and

4.  Defendant had no insurance and no license.

In accord with R.C. §2929.12 (C) and (E), which suggests that recidivism is less likely, the Court finds:

The Court finds that no additional mitigating factors that exist which suggest that recidivism is less likely.

The Court further finds that the Defendant has not previously served time in prison for criminal offenses.

(3/4/16 J.E., p. 2.)

**{¶17}** In his *pro se* brief, Appellant contends that his sentence is contrary to law because the trial court was limited in its ability to impose the maximum sentence on a first time felony offender.  This is not an accurate statement for the offenses to which Appellant pleaded guilty.  In fact, it is presumed that prison is necessary to comply with the purposes and principles of sentencing R.C. 2929.13(F).

**{¶18}** The record before us reveals the trial court strictly complied with making the requisite findings under R.C. 2929.11 and .12 both at the sentencing hearing and in its sentencing entry. Furthermore, the sentence is within the permissible statutory range for the offenses. Thus, there is nothing in the record before us to provide clear and convincing evidence that the record does not support Appellant's sentence.

**{¶19}** In sum, the potential assignment of error raised by appointed appellate counsel and Appellant himself in his *pro se* brief before us are without merit and our own independent review of the record reveals no appealable issues. The conviction and sentence is affirmed and counsel's motion to withdraw is granted.

Donofrio, J., concurs.

Robb, P.J., concurs.