[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Kneuss v. Sloan,* Slip Opinion No. 2016-Ohio-3310.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3310

KNEUSS, APPELLANT, *v.* SLOAN, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Kneuss v. Sloan,* Slip Opinion No. 2016-Ohio-3310.]

*Habeas corpus—Availability of adequate remedy at law precludes relief in habeas corpus—Dismissal affirmed.*

(No. 2015-1210—Submitted April 5, 2016—Decided June 9, 2016.)

APPEAL from the Court of Appeals for Ashtabula County,

No. 2015-A-0004, 2015-Ohio-2201.

_____

**Per Curiam.**

{¶ 1} Appellant, Bryan D. Kneuss, appeals from the judgment of the Eleventh District Court of Appeals dismissing his petition for a writ of habeas corpus.  Because he has or had adequate remedies at law to raise his claims, we affirm.

## Background

**{¶ 2}** Kneuss is currently incarcerated at the Lake Erie Correctional Institution and is serving a four-year sentence imposed in 2013 by the Cuyahoga County Court of Common Pleas for aggravated arson and illegal cultivation of marijuana. He did not challenge his convictions or sentences through direct appeal or postconviction relief.

**{¶ 3}** But in January 2015, Kneuss filed a petition for a writ of habeas corpus in the Eleventh District Court of Appeals. He argued that his case was improperly bound over from the municipal court to the common pleas court, he was deprived of his right to counsel, his guilty plea was involuntary and unknowing, he was actually innocent of the charges, he was deprived of the effective assistance of counsel, his convictions were not supported by sufficient evidence or the manifest weight of the evidence, and the trial court failed to advise him of his "non-waivable" right to direct appeal.

**{¶ 4}** Appellee, Warden Brigham Sloan, moved to dismiss the petition. The appellate court dismissed Kneuss's habeas petition because he has or had adequate remedies at law to raise these claims. The court also noted that the petition was improperly captioned and did not include the addresses of the parties as is required under Civ.R. 10(A).

**{¶ 5}** Kneuss timely appealed to this court and challenges the appellate court's dismissal of his habeas action through three propositions of law.

## Analysis

**{¶ 6}** The court of appeals properly dismissed Kneuss's case because he has or had adequate remedies at law through which to raise his claims. A writ of habeas corpus "will lie only to challenge the jurisdiction of the sentencing court. R.C. 2725.05. The few situations in which habeas corpus may lie to correct a nonjurisdictional error are those in which there is no adequate remedy at law." *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 9.

Kneuss's habeas claims do not challenge the jurisdiction of the sentencing court and are not cognizable in habeas corpus, because he had an adequate remedy at law, namely direct appeal or a petition for postconviction relief, through which he could have raised those claims.

{¶ 7} In his first proposition of law, Kneuss contends that his trial attorney was constitutionally ineffective for failing to present allegedly exculpatory evidence to the court, which he claims rendered his plea involuntary. However, we have repeatedly held that Sixth Amendment ineffective-assistance claims are not cognizable in habeas corpus. *Wilson v. Hudson*, 127 Ohio St.3d 31, 2010-Ohio-4990, 936 N.E.2d 42, ¶ 1; *Bozsik v. Hudson*, 110 Ohio St.3d 245, 2006-Ohio-4356, 852 N.E.2d 1200, ¶ 7.

{¶ 8} In his second proposition of law, he claims that his convictions are not supported by sufficient evidence. But challenges to the sufficiency of the evidence are also not cognizable in habeas corpus. *State ex rel. Tarr v. Williams*, 112 Ohio St.3d 51, 2006-Ohio-6368, 857 N.E.2d 1225, ¶ 4.

{¶ 9} In his third proposition of law, Kneuss argues that the court of appeals abused its discretion when it dismissed his habeas case "by denying the new evidence that Appellant was not operating a meth lab at the time of the fire nor was it proven that a lab ever exist [sic] due to the reports of hazmat and the fire department investigation and the fire still remains undetermined." To the extent that Kneuss is arguing actual innocence, the court of appeals correctly dismissed his petition because he had an adequate remedy at law to assert that claim. *See Junius v. Eberlin*, 122 Ohio St.3d 53, 2009-Ohio-2383, 907 N.E.2d 1179, ¶ 1 ("Junius had adequate legal remedies to raise his claim of actual innocence").

{¶ 10} We hold that the appellate court correctly found that Kneuss has or had adequate remedies at law in the form of direct appeal and postconviction relief to raise these claims. The availability of alternative remedies at law, even if those remedies were not sought or were unsuccessful, precludes a writ of habeas corpus.

*State ex rel. O'Neal v. Bunting*, 140 Ohio St.3d 339, 2014-Ohio-4037, 18 N.E.3d 430, ¶ 14.

**{¶ 11}** Finally, a petitioner's failure to list the proper parties and their respective addresses in the case caption renders a habeas petition or complaint defective. *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 742 N.E.2d 651 (2001). As the court of appeals aptly noted, Kneuss's petition does not include a case caption or include any party addresses, including his own, and is therefore defective under Civ.R. 10(A).

**{¶ 12}** For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————————

Bryan D. Kneuss, pro se.

Michael DeWine, Ohio Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellee.

————————————