[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Greene v. Turner,* Slip Opinion No. 2017-Ohio-8305.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8305

GREENE, APPELLANT, *v.* TURNER, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Greene v. Turner,* Slip Opinion No. 2017-Ohio-8305.]

*Habeas corpus—Appellant failed to comply with requirements of R.C. 2969.25(C), R.C. 2725.04(D), and Civ.R. 10(A) and failed to state a claim that is cognizable in habeas corpus—Court of appeals' dismissal of petition affirmed.*

(No. 2016-1744—Submitted June 20, 2017—Decided October 26, 2017.)

APPEAL from the Court of Appeals for Marion County, No. 9-16-39.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the Third District Court of Appeals dismissing the petition of appellant, Antonio D. Greene, for a writ of habeas corpus.

**{¶ 2}** According to his petition, Greene was arrested and charged with drug trafficking and drug possession in April 2015, while on parole for an earlier offense. The Ohio Adult Parole Authority ("APA") held a parole-revocation hearing, found

that Greene had violated the terms of his parole by having illegal drugs in his possession or under his control, and ordered him to serve the remainder of his original maximum sentence. Four months later, the state dismissed the drug charges, citing insufficient evidence to obtain a conviction.

{¶ 3} In August 2016, Greene filed a petition for a writ of habeas corpus against appellee, Neil Turner, the warden of North Central Correctional Complex, where Greene is presently incarcerated. Greene alleged that the APA violated his due-process rights by finding a parole violation based on insufficient evidence.

{¶ 4} The warden filed a motion to dismiss, which the Third District Court of Appeals granted. The court of appeals determined that Greene's petition did not comply with the mandatory filing requirements of R.C. 2969.25(C) and 2725.04(D), was not properly captioned in accord with Civ.R. 10(A), and "fail[ed] to state any claim for relief in habeas corpus."

{¶ 5} On appeal, Greene challenges each of the court of appeals' grounds for dismissing his habeas petition. Noncompliance with any of these procedural requirements is fatal to a habeas corpus petition and warrants dismissal of the inmate's action. *Al'shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079, 40 N.E.3d 1073, ¶ 8, 10 (R.C. 2969.25(C) and 2725.04(D)); *Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, 54 N.E.3d 1242, ¶ 11 (Civ.R. 10(A)).

{¶ 6} First, for a petition filed in the court of appeals, as here, R.C. 2969.25(C) requires that inmates filing civil actions against a government entity or employee in forma pauperis submit with their complaint an affidavit of indigency and "[a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier." Greene filed an affidavit of indigency and a "certificate of prisoner account" with his habeas petition. But neither document states the balance in Greene's inmate account for each of the preceding six months.

**{¶ 7}** Second, to comply with R.C. 2725.04(D), habeas petitioners must attach copies of "all commitment papers," *Pence v. Bunting*, 143 Ohio St.3d 532, 2015-Ohio-2026, 40 N.E.3d 1058, ¶ 7. But although Greene's petition refers to his probation for an aggravated burglary in 1990 and his parole for the same offense in 2011, he provided no documentation of his 1990 probation being revoked at any point prior to 2011. Greene was required to attach such documentation to his petition.

**{¶ 8}** Third, Civ.R. 10(A) requires a petitioner to list the proper parties and their respective addresses in the case caption. Greene argues that Civ.R. 10(A) does not apply to habeas corpus petitions. But this court has regularly applied this rule to habeas corpus petitions. *See, e.g.*, *Kneuss*, 146 Ohio St.3d 248, 2016-Ohio-3310, 54 N.E.3d 1242, at ¶ 11; *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 742 N.E.2d 651 (2001). And the caption on Greene's petition does not list either the warden's address or his own.

**{¶ 9}** Finally, Greene asserts that the court of appeals erred in determining that his petition fails to state a claim that is cognizable in habeas corpus. A writ of habeas corpus "will lie only to challenge the jurisdiction of the sentencing court. R.C. 2725.05. The few situations in which habeas corpus may lie to correct a nonjurisdictional error are those in which there is no adequate remedy at law." *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 9.

**{¶ 10}** Greene argues that he was deprived of due process because the state presented insufficient evidence at his parole-revocation hearing for the APA to find a violation. In support of this claim, he lists evidence that was *not* presented at the hearing. And he asserts that when his 2015 drug charges were dismissed, "all factual bases for the revocation of [his] parole ceased to exist." But "[p]arole may be revoked even though criminal charges based on the same facts are dismissed." *State ex rel. Carrion v. Adult Parole Auth.*, 80 Ohio St.3d 637, 638, 687 N.E.2d 759 (1998). Thus, even if his claim were properly before this court, Greene has not

established that his is one of the "extraordinary cases involving parole revocation" in which habeas corpus will lie to challenge a decision of the APA, *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 187, 652 N.E.2d 746 (1995).

**{¶ 11}** We affirm the judgment of the court of appeals dismissing Greene's petition for a writ of habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'NEILL, J., dissents.

_____

Antonio D. Greene, pro se.

Michael DeWine, Attorney General, and Maura O'Neill Jaite, Senior Assistant Attorney General, for appellee.

_____