[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Handcock v. Shoop,* Slip Opinion No. 2019-Ohio-718.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-718

HANDCOCK, APPELLANT, *v*. SHOOP, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Handcock v. Shoop,* Slip Opinion No. 2019-Ohio-718.]

*Habeas corpus—Habeas corpus is not the proper means to challenge claims that had adequate remedies at law—Court of appeals' dismissal of petition affirmed.*

(No. 2018-0787—Submitted January 29, 2019—Decided March 5, 2019.)

APPEAL from the Court of Appeals for Ross County, No. 18CA3631, 2018-Ohio-2021.

_____

**Per Curiam.**

{¶ 1} We affirm the Fourth District Court of Appeals' judgment dismissing the petition of appellant, James Handcock, for a writ of habeas corpus that he filed against appellee, Tim Shoop,[1] warden of the Chillicothe Correctional Institution.

_____

1. This case was instituted against the previous warden of the Chillicothe Correctional Institution, Charlotte Jenkins. Shoop succeeded Jenkins and is automatically substituted as appellee in this case. *See* S.Ct.Prac.R. 4.06(B); App.R. 29(C)(1).

**Facts**

**{¶ 2}** In 2008, Handcock was convicted of felonious assault with a gun specification, having a weapon under disability, and carrying a concealed weapon. The trial court sentenced him to a total of 17 years and 6 months in prison.

**{¶ 3}** On March 1, 2018, Handcock filed a habeas corpus petition and argued that (1) there was insufficient evidence to support his conviction for felonious assault, (2) the jury-verdict form lacked the requisite elements for a fourth-degree-felony conviction of carrying a concealed weapon, (3) his three convictions were allied offenses and should have been merged at sentencing, and (4) both his trial attorney and appellate attorney provided ineffective assistance, but due to his untreated mental illness, Handcock did not realize that until much later. Subsequently, Handcock also moved the court to permit him to perform community service in lieu of paying the costs of the action. The court of appeals denied his motion.

**{¶ 4}** The warden filed a motion to dismiss. On May 15, 2018, the court of appeals granted the motion, holding that Handcock's claims were not cognizable in a habeas action because he had adequate remedies at law to raise those claims. The court of appeals imposed the costs of the action on Handcock.

**Legal Analysis**

**{¶ 5}** We affirm the court of appeals' judgment. A court may dismiss a habeas action under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted "if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus." *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10. We review dismissals under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8. A petitioner is not entitled to relief in habeas corpus for nonjurisdictional errors if he

has or had an adequate remedy at law. *State ex rel. Quillen v. Wainwright*, 152 Ohio St.3d 566, 2018-Ohio-922, 99 N.E.3d 360, ¶ 6.

**{¶ 6}** The court of appeals properly dismissed Handcock's petition for failure to state a claim. Handcock's claims are not cognizable in a habeas action; this court has previously dismissed habeas corpus actions bringing similar claims. *See Shroyer v. Banks*, 123 Ohio St.3d 88, 2009-Ohio-4080, 914 N.E.2d 368, ¶ 1 (ineffective assistance of trial counsel); *Haynes v. Humphreys*, 64 Ohio St.3d 206, 207, 594 N.E.2d 586 (1992) (ineffective assistance of appellate counsel); *Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, 54 N.E.3d 1242, ¶ 8 (sufficiency of the evidence); *Smith v. Smith*, 123 Ohio St.3d 145, 2009-Ohio-4691, 914 N.E.2d 1036, ¶ 1 (elements listed on jury-verdict form); *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10 (allied-offense claims).

**{¶ 7}** Handcock argues that the court of appeals was obliged to hold an evidentiary hearing and consider his claims on the merits before dismissing his petition. But when a petition raises claims that are not cognizable in habeas corpus, a court need not hold an evidentiary hearing before dismissing the petition under Civ.R. 12(B)(6). *See Marshall v. Lazaroff*, 77 Ohio St.3d 443, 444, 674 N.E.2d 1378 (1997). Nor is it necessary to first evaluate the merits of the claims.

**{¶ 8}** Handcock also objects to the court of appeals' failure to address his indigence and to that court's assessment of court costs against him. But none of the provisions cited by Handcock address costs in civil actions. In support of his claim, Handcock relies on R.C. 2929.27, which addresses the imposition of community service in lieu of costs for individuals who have committed misdemeanors. Likewise, R.C. 2947.23 relates to the costs of prosecution in a criminal case and R.C. 2947.231 relates to the costs of an investigation by the state board of pharmacy for criminal offenses that have been committed by specific business entities.

{¶ 9} For these reasons, the court of appeals correctly dismissed Handcock's petition for a writ of habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

James Handcock, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____