[Cite as *Dixon v. Bowerman*, 2019-Ohio-4435.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

William Dixon

    Petitioner

v.

Warden Bowerman

    Respondent

Court of Appeals No. L-19-1155

**DECISION AND JUDGMENT**

Decided: October 28, 2019

* * * * *

William Dixon, pro se.

Dave Yost, Ohio Attorney General, and William H. Lamb,
Assistant Attorney General, for respondent.

* * * * *

**OSOWIK, J.**

{¶ 1} In this original action, William Dixon petitions the court for a writ of habeas corpus against respondent, Sean Bowerman, warden of the Toledo Correctional Institution. The state has responded with a motion to dismiss the action, pursuant to Civ.R. 12(B)(6), which Dixon opposes. Also pending are Dixon's motions for leave to

file commitment papers, leave to file judicial notice, and to proceed in forma pauperis. As set forth below, the state's motion is well-taken, and Dixon's petition is dismissed.

**Procedural History**

{¶ 2} Dixon is imprisoned pursuant to a 2006 conviction in the Montgomery County Court of Common Pleas for complicity to commit aggravated robbery, in violation of R.C. 2911.01, a felony of the first degree (Count 1); complicity to commit aggravated burglary, in violation of R.C. 2911.11, a felony of the first degree (Count 2); and complicity to commit felonious assault, in violation of R.C. 2903.11, a felony of the second degree (Count 3). Dixon was also convicted of three firearm specifications, pursuant to R.C. 2941.145, one for each count. The trial court sentenced Dixon to an aggregate term of 21 years in prison.

{¶ 3} Dixon appealed, and the Second Appellate District affirmed Dixon's conviction and sentence in toto. *State v. Dixon*, 2d Dist. Montgomery No. 21823, 2008-Ohio-755, ¶ 50; *appeal not accepted for review*, 119 Ohio St.3d 1416, 2008-Ohio-755, 891 N.E.2d 773; (*"Dixon I").*

{¶ 4} Over the years, Dixon has filed many motions for postconviction relief. Following adverse trial court judgments, Dixon pursued five separate appeals, all of which were unsuccessful. *See State v. Dixon,* 2d Dist. Montgomery No. 27991, 2019-Ohio-230, ¶ 2-12 (*"Dixon VI")* for a synopsis of *Dixon II, Dixon III, Dixon IV,* and *Dixon V.*

2.

**{¶ 5}** Dixon simultaneously pursued habeas relief.[1] On March 6, 2018, Dixon filed a petition for a writ of habeas corpus against a former warden of the Toledo Correctional Institution. *State ex rel. Dixon v. Coleman, Warden*, 6th Dist. Lucas No. L-18-1042 (Mar. 13, 2018). Dixon asserted claims relating to the length of his sentence, appointment of trial counsel, trial judge bias, discovery errors and misconduct by the prosecution. We denied the writ, and the Ohio Supreme Court affirmed our decision. *State ex rel. Dixon v. Bowerman*, Slip Opinion No. 2018-0621, 2019-Ohio-716, ¶ 5.

**{¶ 6}** On March 28, 2019, Dixon filed another petition for a writ of habeas corpus in this court. We described Dixon's claims as follows:

> Dixon's petition begins with three specific grounds for relief (ineffective assistance; prosecutorial misconduct; and abuse of discretion by all judges), and he also asserts he was unlawfully restrained because of his "actual innocence." Furthermore, he asserts the following errors occurred during his trial and at sentencing which he alleges resulted in his unlawful conviction and sentence: instances of prosecutorial misconduct during trial; trial judge bias; disparity in sentencing; a failure to merge his convictions for allied offenses; his inability to select appointed counsel of choice; ineffective assistance of appointed counsel at trial, on appeal, and in

---

[1] Dixon also pursued habeas relief in federal court. In *Dixon v. Warden, Southern Ohio Correctional Institute*, 940 F. Supp.2d 614 (S.D.Ohio 2013), the district court dismissed Dixon's petition. In 2018, the Sixth Circuit Court of Appeals denied Dixon's motion for leave to file a second, successive federal habeas petition.

prior habeas corpus actions; and a denial of due process and equal protection in the resolution of his postconviction relief petitions, motions, and original actions because of repeated denials or dismissals of these actions on res judicata or procedural grounds. *Dixon v. Bowerman*, 6th Dist. Lucas No. L-19-1066, 2019-Ohio-1711, ¶ 6.

**{¶ 7}** We dismissed the petition, finding that "all of [Dixon's] claims could have been or were raised at trial, after trial by motion or postconviction relief petitions, or in an appeal of the individual judgments." We also based our dismissal on Dixon's failure to verify the petition under oath, as required by R.C. 2725.04. Finally, although not a basis to dismiss the petition, we noted that Dixon failed to enumerate the paragraphs within his petition, as required by Civ.R. 10(B). *Id.* at ¶ 4-6.

**{¶ 8}** Undeterred, Dixon filed another petition on July 30, 2019, and it is this petition that is before us today. In it, Dixon raises the very same claims that he has attempted to relitigate since his unsuccessful direct appeal. First, Dixon alleges his "actual innocence" because "no aggravated robbery took place * * *. [Rather], it was a failed robbery [and] nothing was stolen." Second, Dixon argues that his three-year sentence as to the gun specifications was illegal because "the only one who brandished a gun" was his co-conspirator. Third, Dixon argues that the state knowingly offered perjured testimony from his co-conspirators, who "changed [their] stories 3 times to secure [their] deals." Finally, Dixon argues that he received ineffective assistance of trial and appellate counsel. As with the previous petition, Dixon failed to enumerate the

4.

paragraphs in contravention of Civ.R. 10 and failed to attach the commitment papers, although, as stated, he did seek leave to correct the latter issue.

## Law and Argument

{¶ 9} Habeas corpus relief is an available remedy only in "certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, *e.g.,* appeal or post-conviction relief." *State ex rel. Jackson v. McFaul,* 73 Ohio St.3d 185, 186 (1995), citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593 (1994).

{¶ 10} Res judicata bars a petitioner from filing successive habeas corpus petitions. *Bevins v. Richard*, 144 Ohio St.3d 54, 2015-Ohio-2832, ¶ 4 ("Bevins could have argued any cognizable claim that he had in [his previous] habeas action; therefore, res judicata bars his successive habeas corpus petition."). Here, too, Dixon could have raised any cognizable claim in his previous habeas actions, and indeed, the instant petition mirrors his most recent petition. For that reason, res judicata bars the instant action.

{¶ 11} Second, habeas corpus is not available when there is an adequate remedy at law. Adequate remedies include a motion for postconviction relief and a direct appeal. *See, e.g., Jones v. Kelley,* 11th Dist. Trumbull No. 2010-T-0020, 2010-Ohio-3682, ¶ 11 (Manifest weight and sufficiency claims cannot be reviewed as part of a habeas corpus proceeding because both issues can be raised via direct appeal); *Accord Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, 54 N.E.3d 1242 (Actual innocence and ineffective

5.

assistance of counsel claims are not properly raised in a petition for habeas corpus); *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067 (perjured testimony claims), *Dunkle v. Dept. of Rehab. & Corr.*, 148 Ohio St.3d 621, 2017-Ohio-551, 71 N.E.3d 1098 (Sentencing error claims).  Because Dixon had an adequate remedy at law as to each claim set forth in his petition, he has failed to assert a claim upon which relief may be granted.  Therefore, Dixon is not entitled to the extraordinary and extreme form of relief requested, i.e. immediate release from the custody of the state.

{¶ 12} Based on the face of the petition, we find Dixon has not stated a claim entitling him to habeas corpus relief.  Therefore, the petition is ordered dismissed.  Dixon's pending motions are rendered moot and are denied.  The costs of this action are assessed to petitioner.

{¶ 13} The clerk is directed to serve upon all parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

Writ denied.


Arlene Singer, J. _____

Thomas J. Osowik, J. _____

Gene A. Zmuda, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

6.