[Cite as *Washington v. Eppinger*, 2020-Ohio-3851.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| BRENDAN WASHINGTON, | : | **PER CURIAM OPINION** |
| | : | |
| Petitioner, | : | |
| | : | **CASE NO. 2020-T-0024** |
| - vs - | : | |
| | : | |
| MR. EPPINGER, WARDEN, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*Brendan Washington*, pro se, #A678-484, Trumbull Correctional Institution, 5701 Burnett Road, P.O. Box 901, Leavittsburg, Ohio 44430 (Petitioner).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, Ohio 43215, and *M. Scott Criss*, Assistant Attorney General, Criminal Justice Section,150 East Gay Street, 16th Floor, Columbus, Ohio 43215-6001 (For Respondent).

PER CURIAM.

{¶1}   Petitioner, Brendan Washington ("Mr. Washington"), pro se, seeks a writ of habeas corpus against respondent, LaShann Eppinger, warden (the "warden"), for his immediate release from imprisonment at Trumbull Correctional Institution.  Mr. Washington contends that he is currently lawfully imprisoned as a result of acts and violations of law by the state of Ohio.

{¶2} The warden has filed a motion to dismiss pursuant to Civ.R. 12(B)(6), arguing that Mr. Washington's claims are not cognizable in a habeas corpus action because he had an adequate legal remedy to raise his claims; Mr. Washington failed to attach copies of all of his commitment papers as required by R.C. 2725.04(D); and Mr. Washington is not entitled to immediate release from prison because his maximum sentence has not expired.

{¶3} Upon review, we agree with the warden that Mr. Washington's claims are not cognizable in a habeas corpus action.

{¶4} We find that Mr. Washington has or had adequate remedies at law for his claims for ineffective assistance of trial and appellate counsel under the Sixth Amendment; violation of his *Miranda* rights; violation of his rights to personal security and personal liberty; violation of his due process rights under the Fifth Amendment; cruel and unusual punishment under the Eighth Amendment; insufficiency of the evidence; and violation of his civil rights. Further, Mr. Washington's claims for ineffective assistance of trial counsel and violation of his *Miranda* rights are barred by the doctrine of res judicata, since the First District Court of Appeals considered and rejected these claims on direct appeal.

{¶5} With respect to Mr. Washington's claim for improper bindover from juvenile court to the common pleas court, we find that Mr. Washington's claim is defective for failing to attach a copy of the bindover judgment entry. Further, the First District considered and rejected Mr. Washington's arguments regarding improper bindover on direct appeal.

{¶6} Thus, we grant the warden's motion to dismiss and dismiss Mr. Washington's petition.

**Procedural History**

{¶7} In 2013, the Hamilton County Court of Common Pleas found Mr. Washington guilty of two counts of aggravated murder, unclassified felonies, in violation of R.C. 2903.01(A); two counts of aggravated murder, unclassified felonies, in violation of R.C. 2903.01(B); two counts of aggravated robbery, felonies of the first degree, in violation of R.C. 2911.01(A)(1); and three counts of tampering with evidence, felonies of the third degree, in violation of R.C. 2921.12(A)(1), all with specifications, following his pleas of no contest. The trial court imposed aggregate sentences of 25 years to life in prison.

{¶8} Mr. Washington, through counsel, filed a direct appeal to the First District Court of Appeals, which affirmed the trial court's judgment in *State v. Washington*, 1st Dist. Hamilton No. C-130213, 2014-Ohio-4178 ("*Washington I*").

{¶9} Mr. Washington further appealed to the Supreme Court of Ohio, which declined jurisdiction in *State v. Washington*, 142 Ohio St.3d 1448, 2015-Ohio-1591 ("*Washington II*").

**Mr. Washington's Petition**

{¶10} Mr. Washington was and remains incarcerated at Trumbull Correctional Institution located in Trumbull County, Ohio.

{¶11} In April 2020, Mr. Washington, pro se, filed a petition in this court for a writ of habeas corpus against the warden, alleging that the warden is currently unlawfully imprisoning him; that the cause of his alleged unlawful imprisonment is "acts and

3

violations of Law performed by the state of Ohio's Courts and Departments"; and that he does not have an adequate remedy at law. Mr. Washington requests an immediate hearing on the issues.

{¶12} Mr. Washington sets forth five claims.

{¶13} In "Claim 1," Mr. Washington contends that his counsel provided ineffective assistance, violating his due process rights and his rights under the Sixth Amendment to the United States Constitution.

{¶14} In "Claim 2," Mr. Washington contends that his rights to "personal security" and "person liberty" were violated as a result of alleged "malicious charging," his incarceration, and the government's alleged failure "to protect and maintain individual rights."

{¶15} In "Claim 3," Mr. Washington contends that his due process rights under the Fifth Amendment to the U.S. Constitution were violated as a result of his alleged "illegal arrest and incarceration * * * through all his stages in different courts and departments."

{¶16} In "Claim 4," Mr. Washington contends that his right against cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution was violated as a result of allegedly being "illegally incarcerated" and the "time and process" he "had to endure."

{¶17} In "Claim 5," Mr. Washington contends that his civil rights have been violated as a result of his alleged "unlawful imprisonment or detention."

{¶18} In a section entitled "Complaint," Mr. Washington sets forth factual bases for his claims.

4

{¶19} In the first paragraph, Mr. Washington references an attached copy of an arrest and investigation report from the Cincinnati Police Department (identified as "Exhibit A"). He also quotes Juv.R. 3(C), which states that "[i]f a child is charged with a felony offense, the court shall not allow any waiver of counsel unless the child has met privately with an attorney to discuss the child's right to counsel and the disadvantages of self-representation." According to Mr. Washington, the police report indicates he was charged with multiple felonies prior to being interrogated.

{¶20} In the second paragraph, Mr. Washington references an attached a copy of a "motion to suppress statements of underage/juvenile defendant" that his trial counsel filed in the trial court (identified as "Exhibit B"), which sought to suppress statements Mr. Washington made to police. Mr. Washington contends that his counsel did not raise Juv.R. 3(C) in any proceedings.

{¶21} In the third paragraph, Mr. Washington contends that the courts' actions violated his due process rights under the Fifth Amendment and that he was "put through a cruel and unusual punishment by being illegally incarcerated" in violation of the Eighth Amendment.

{¶22} In the fourth paragraph, Mr. Washington attaches a copy of the First District's opinion in *Washington I* (identified as "Exhibit E"). Mr. Washington contends that the opinion demonstrates his counsel provided ineffective assistance for failing to raise "rules and laws established by the Country or State." He further contends that his counsel was ineffective for failing to raise R.C. 2151.352, which he purports to quote as stating "a juvenile may not waive his constitutional right to counsel, subject to certain standards, if he is counseled and advised by his parent, custodian or guardian" and that

5

"[i]f a juvenile is not counsulted [sic] with an attorney, he may not waive his right to counsel."

{¶23} In the fifth paragraph, Mr. Washington purports to "reflect" on the evidence produced against him. Mr. Washington contends that his statements were the only evidence tying him to the case. Citing the Supreme Court of Ohio's decision in *State v. Barker*, 149 Ohio St. 3d 1, 2016-Ohio-2708, he argues that "the statute did not affect the analysis of whether a suspect knowingly, intelligently, and voluntarily waived his *Miranda* rights prior to making a statement to the police." Finally, he contends that "someone[']s word" is not sufficient to establish facts without physical evidence and that allegations of fact must be based on testimony of a credible witness or a witness with personal knowledge, citing Fed.R.Civ.P. 602.

{¶24} In the sixth and final paragraph, Mr. Washington references attached copies of a bindover evaluation report from Kathleen Hart, Ph.D., to the Hamilton County Juvenile Court (identified as "Exhibit C") and an executed warrant on indictment (identified as "Exhibit D"), which he contends show the different stages of his alleged "illegal incarceration."

{¶25} In addition to the referenced exhibits, Mr. Washington attaches three appendices, consisting an affidavit of verity as "Appendix 1," an affidavit of prior civil actions as "Appendix 2," and documents described as "certified copies of commitment papers" as "Appendix 3".

{¶26} "Appendix 3" consists of an unidentified chart regarding Mr. Washington's offenses that contains a handwritten note purportedly from the case manager at Trumbull Correctional Institution confirming Mr. Washington's incarceration at that facility; a copy

6

of the prosecutor's request for issuance of warrant upon indictment; and a copy of the trial court's sentencing entry. It appears that the first page is missing from the provided copy of the sentencing entry.

### *The Warden's Motion to Dismiss*

{¶27} This court issued an alternative writ ordering the warden to file an answer or dispositive motion in response. The warden filed a motion to dismiss pursuant to Civ.R. 12(B)(6), asserting three arguments.

{¶28} First, the warden argues that Mr. Washington's claims are not cognizable in a habeas corpus action because he had an adequate alternative legal remedy to raise his claims. Further, Mr. Washington appealed his conviction and sentence and raised claims regarding his transfer from juvenile court and ineffective assistance of counsel.

{¶29} Second, the warden argues that Mr. Washington failed to attach copies of all of his commitment papers as required under R.C. 2745.04(D) because page one of his sentencing entry was not included, rendering his petition "fatally defective."

{¶30} Finally, the warden argues that habeas relief is only available when a petitioner's maximum sentence has expired, and Mr. Washington's "maximum sentence of life" has not expired.

### *Mr. Washington's Opposition*

{¶31} Mr. Washington filed a "reply" to the warden's motion to dismiss.

{¶32} Mr. Washington argues that he provided sufficient evidence of being improperly interrogated by law enforcement, court error in transferring jurisdiction, and ineffective assistance counsel at trial and in his appellate proceedings.

{¶33} Mr. Washington concedes that he appealed his conviction and that the assigned errors included his bindover from juvenile court and ineffective assistance of counsel. However, he asks this court to recognize his current claim for ineffective assistance of counsel because the legal remedies available to him as a juvenile were through the court-appointed public defender.

{¶34} In addition, Mr. Washington contends that he attached a full copy of his sentencing entry and suggests the clerk of courts did not copy or include the first page. He attached a full copy of his sentencing entry to his reply.

{¶35} Finally, Mr. Washington disputes that the warden's contention that he is not entitled to immediate release from prison until his maximum sentence has expired.

**Legal Standards**

{¶36} We first set forth the legal standards applicable to Mr. Washington's petition.

***Habeas Corpus***

{¶37} Habeas corpus, now embodied in the statutory law of Ohio, is a high prerogative remedy of ancient origin, one purpose of which is to secure immediate relief from illegal confinement. *In re Lockhart*, 157 Ohio St. 192, 194 (1952). The remedy is designed to effect speedy release of one who has been unlawfully incarcerated. *Id.* The office of the remedy is not to determine whether a person is guilty of an offense charged against him. *Id.* The object of habeas corpus is to determine the legality of the restraint under which a person is held. *Id.* Thus, a proceeding in habeas corpus is not an appeal from a criminal conviction; it is a distinct collateral attack on the petitioner's continued confinement. (Citations omitted.) *Taylor v. Harris*, 11th Dist. Trumbull No. 2018-T-0100, 2019-Ohio-2098, ¶9.

{¶38} R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas action. *Pegan v. Crawmer*, 73 Ohio St.3d 607, 608-09 (1995). First, application is by petition that contains certain information. *Id.* at 609, citing R.C. 2725.04. Then, if the court decides that the petition states a facially valid claim, it must allow the writ. *Id.*, citing R.C. 2725.06. Conversely, if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition. *Id.* Issuing the writ means only that a return is ordered and a hearing will be held. *Id.*, citing *Hammond v. Dallman*, 63 Ohio St.3d 666, 668 (1992), fn. 7.

### Adequate Remedy at Law

{¶39} A writ of habeas corpus is necessary in certain exceptional circumstances where there is an unlawful restraint of an individual's liberty. *Johnson v. Timmerman-Cooper*, 93 Ohio St.3d 614, 616 (2001). Habeas corpus is an extraordinary remedy and, as with every extraordinary remedy, is not available as a means of relief where there is an adequate remedy in the ordinary course of the law. (Citations omitted.) *State ex rel. Fryerson v. Tate*, 84 Ohio St.3d 481, 485 (1999). "Habeas corpus 'is not and never was a post-conviction remedy for the review of errors or irregularities of an accused's conviction or for a retrial of the guilt or innocence of an accused.'" *Bellman v. Jago*, 38 Ohio St.3d 55, 56 (1988), quoting *Walker v. Maxwell*, 1 Ohio St.2d 136, 137 (1965). Therefore, the availability of alternative remedies at law, even if those remedies were not sought or were unsuccessful, precludes a writ of habeas corpus. *Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, ¶10, citing *State ex rel. O'Neal v. Bunting,* 140 Ohio St.3d 339, 2014-Ohio-4037, ¶14.

### *Challenge to Jurisdiction*

{¶40} The Supreme Court of Ohio has carved out a limited exception to this general rule to apply when the habeas petitioner is challenging the jurisdiction of the court that sentenced him. *Fryerson* at 485. When alleging a trial court lacked subject matter jurisdiction, the habeas corpus petitioner must establish the lack of jurisdiction was "patent and unambiguous." *Ross v. Saros*, 99 Ohio St.3d 412, 2003-Ohio-4128, ¶14, citing *Agee v. Russell*, 92 Ohio St.3d 540, 544 (2001).

### *Civ.R. 12(B)(6)*

{¶41} Since an action in habeas corpus is considered civil in nature, a habeas corpus petition may be dismissed under Civ.R. 12(B)(6). *Novak v. Gansheimer,* 11th Dist. Ashtabula No. 2003-A-0023, 2003-Ohio-5428, ¶16.

{¶42} Civ.R. 12(B) provides, in relevant part, that "[e]very defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * failure to state a claim upon which relief can be granted * * *."

{¶43} A court may dismiss a habeas action under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted "if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus." *Handcock v. Shoop*, 156 Ohio St.3d 282, 2019-Ohio-718, ¶5, quoting *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, ¶10.

{¶44} In applying the foregoing standard, a court can consider the basic allegations in the petition itself and any materials attached to the petition. *Novak* at ¶16. In addition, courts may take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581 (1996).

{¶45} For instance, a court can take judicial notice of the "decisional, constitutional, and public statutory law of this state." Civ.R. 44.1(A)(1). In addition, a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, ¶20.

{¶46} If a petitioner fails to present a jurisdictional error committed by the trial court in the underlying action, his habeas corpus claim will be subject to dismissal for failure to raise a viable claim for relief. *Novak* at ¶5. When a petition raises claims that are not cognizable in habeas corpus, a court need not hold an evidentiary hearing before dismissing the petition under Civ.R. 12(B)(6), nor is it necessary to first evaluate the merits of the claims. *Handcock* at ¶7.

{¶47} As demonstrated below, Mr. Washington's claims are not cognizable in habeas corpus.

### Ineffective Assistance; *Miranda*; Due Process; Sufficiency

{¶48} We next address Mr. Washington's claims regarding ineffective assistance of counsel, *Miranda* rights, due process, and sufficiency of the evidence.

11

{¶49} The Supreme Court of Ohio has expressly held that there are adequate legal remedies for all such claims, either through direct appeal or a petition for postconviction relief. *See Everett v. Eberlin*, 114 Ohio St.3d 199, 2007-Ohio-3832, ¶6 (ineffective assistance of trial counsel); *Malone v. Lane*, 96 Ohio St.3d 415, 2002-Ohio-4908, ¶4, citing *State ex rel. Russell v. Dunlap*, 11th Dist. Lake No. 97-L-115, 1997 WL 469781 (July 25, 1997) (denial of *Miranda* rights); *Jackson v. Johnson*, 135 Ohio St.3d 364, 2013-Ohio-999, ¶3 (denial of due process); *Kneuss, supra*, at ¶8 (sufficiency of the evidence).

{¶50} Claims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals or in a direct appeal to the Supreme Court pursuant to Section 2(B)(2)(a)(iii), Article IV of the Ohio Constitution. *Haynes v. Humphreys*, 64 Ohio St.3d 206, 207 (1992).

{¶51} In addition, in *Washington I*, the First District expressly considered and rejected Mr. Washington's claims regarding *Miranda* and ineffective assistance of counsel. *See id.* at ¶27-39. The Supreme Court of Ohio declined jurisdiction in *Washington II*.

{¶52} The doctrine of res judicata precludes a petitioner from using habeas corpus to gain successive appellate review of previously litigated issues. *State ex rel. Gibson v. Sloan*, 147 Ohio St.3d 240, 2016-Ohio-3422, ¶9, citing *State ex rel. Harsh v. Sheets*, 132 Ohio St.3d 198, 2012-Ohio-2368, ¶1. Since Mr. Washington has already unsuccessfully invoked alternate remedies, he is not entitled to the requested extraordinary relief in habeas corpus. *Drake v. Tyson-Parker*, 101 Ohio St.3d 210, 2004-Ohio-711, ¶5.

{¶53} We note that in rejecting Mr. Washington's *Miranda* claim in *Washington I*, the First District applied R.C. 2933.81, which provides, in relevant part, that when the police make "an audio and visual recording that is an authentic, accurate, unaltered record" of the interrogation, the suspect's statements made during the interrogation are "presumed to be voluntary." *Id.* at ¶29, quoting R.C. 2933.81(A)(3) and (B). The suspect then has "the burden of proving that [his] statements * * * were not voluntary." *Id.*, quoting R.C. 2933.81(B). The Supreme Court of Ohio subsequently found R.C. 2933.81(B) to be unconstitutional as applied to juveniles in *Barker*, *supra*, at ¶43.

{¶54} However, the court has held that a petitioner is not entitled to the requested extraordinary relief in habeas corpus despite a new judicial ruling. *See Jimison v. Wilson*, 106 Ohio St.3d 342, 2005-Ohio-5143, ¶12. According to the court, "[a] new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." *Id.*, quoting *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, ¶6-7.

{¶55} The Supreme Court of Ohio announced *Barker* exactly one year after declining jurisdiction in *Washington II*. Thus, Mr. Washington's conviction had already become final.

{¶56} Accordingly, we find that dismissal is warranted under Civ.R. 12(B)(6) for Mr. Washington's claims alleging ineffective assistance of counsel, violation of his *Miranda* rights, violation of his due process rights, and insufficiency of the evidence.

{¶57} **Eighth Amendment; Personal Security; Personal Liberty; Civil Rights**

13

{¶58} We now address Mr. Washington's claims regarding the Eighth Amendment, rights to personal security and personal liberty, and civil rights.

{¶59} Typically, state prisoners have an adequate legal remedy for such claims by way of a federal civil rights action under Section 1983, Title 42 of the United States Code. *See, e.g., Waites v. Gansheimer*, 110 Ohio St.3d 250, 2006-Ohio-4358, ¶6 (cruel and unusual punishment under the Eighth Amendment); *Roe v. Hamilton Cty. Dept. of Human Svs.*, 53 Ohio App.3d 120, 124 (1st Dist.1988) (liberty interest in personal security under the Fourteenth Amendment).

{¶60} Despite the titles Mr. Washington has assigned to these claims, their factual bases are the state's alleged violations of his due process rights that resulted in his convictions. Thus, these claims are duplicative of Mr. Washington's other claims addressed herein.

{¶61} Accordingly, we find that dismissal is also warranted under Civ.R. 12(B)(6) for Mr. Washington's claims regarding cruel and unusual punishment, personal security, personal liberty, and civil rights.

**Improper Bindover**

{¶62} Finally, we address Mr. Washington's claim alleging an improper bindover from juvenile court to the common pleas court, which is his only claim that potentially challenges the trial court's jurisdiction.

{¶63} The Supreme Court of Ohio has held that a writ of habeas corpus is an appropriate remedy despite the availability of appeal when a court's judgment is void for lack of subject-matter jurisdiction. *See Timmerman-Cooper, supra,* at 617. The court

14

recently clarified when a procedural defect in a juvenile court bindover proceeding gives rise to a potentially valid claim for habeas corpus.

{¶64} In *Smith v. May*, Slip Opinion No. 2020-Ohio-61, the court overruled its prior holding in *Gaskins v. Shiplevy*, 74 Ohio St.3d 149 (1995), that "*any* deviation from the statutory bindover procedure creates a potentially good cause of action in habeas corpus." (Emphasis sic.) *Id.* at ¶29. It held that "[d]eviation from a bindover procedure gives rise to a potentially valid habeas claim only if the applicable statute clearly makes the procedure a prerequisite to the transfer of subject-matter jurisdiction to an adult court." *Id.*

{¶65} The basis of Mr. Washington's bindover claim appears to involve the juvenile court's probable cause and amenability determinations, which are procedural requirements for a bindover to the common pleas court. *See Smith* at ¶4, citing R.C. 2152.12(A)(1), Juv.R. 30(A), and R.C. 2152.12(B)(3). Thus, under *Smith*, Mr. Washington's claim would appear to implicate the trial court's subject matter jurisdiction.

{¶66} However, the Supreme Court of Ohio has held that a petition is fatally defective under R.C. 2725.04(D) and subject to dismissal where, as here, the petitioner fails to attach a copy of the juvenile court bindover entry that he is contesting. *See Day v. Wilson*, 116 Ohio St.3d 566, 2008-Ohio-82, ¶4; *State ex rel. Gilmore v. Mitchell*, 86 Ohio St.3d 302, 303 (1999).

{¶67} Further, in *Washington I*, the First District expressly considered and rejected Mr. Washington's challenges to the juvenile court's probable cause and amenability determinations. *See id.* at ¶15-26. Mr. Washington may not use habeas corpus to gain

15

success review of the validity of his bindover proceedings after his claim was rejected on direct appeal. *Moore v. Wainwright*, Slip Opinion No. 2020-Ohio-846, ¶7.

{¶68} According to the Supreme Court of Ohio, once a jurisdictional issue has been fully litigated and determined by a court that has authority to pass upon the issue, said determination is res judicata in a collateral action and can only be attacked directly by appeal. *Smith v. Bradshaw,* 109 Ohio St.3d 50, 2006-Ohio-1829, ¶15, quoting *Citicasters Co. v. Stop 26-Riverbend, Inc.*, 147 Ohio App.3d 531, 2002-Ohio-2286, ¶33 (7th Dist.); *See State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Services*, 123 Ohio St.3d 54, 2009-Ohio-4176, ¶19; *Steele v. Harris*, 11th Dist. Trumbull No. 2019-T-0066, 2019-Ohio-4839, ¶19.

{¶69} Accordingly, dismissal is warranted under Civ.R. 12(B)(6) for Mr. Washington's claim alleging improper bindover.

{¶70} Based on the foregoing, the warden's motion to dismiss is hereby granted, and Mr. Washington's petition is hereby dismissed.

THOMAS R. WRIGHT, J., MATT LYNCH, J., MARY JANE TRAPP, J., concur.