[Cite as *People of the State of Ohio v. Davis*, 2022-Ohio-3137.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

PEOPLE OF THE STATE OF OHIO,  :

     Respondent,  :

                             No. 111869

     v.  :

ROBERT DAVIS,  :

     Relator.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**DATED:** September 6, 2022

---

Writ of Habeas Corpus
Order No. 557516

---

### *Appearances:*

Robert Davis, *pro se*

EILEEN T. GALLAGHER, J.:

{¶ 1} Robert Davis has filed a document captioned "writ of habeas corpus." Sua sponte, we dismiss Davis's request for a writ of habeas corpus because of numerous procedural defects.

### I. Proper Party

{¶ 2} R.C. 2725.04 provides that an application for a writ of habeas corpus must be brought by petition, signed, and verified by the party that seeks relief, or by

some person for the party and requires the petition to specifically name the officer or person in whose custody the prisoner is confined or restrained. R.C. 2725.04(B). Davis has failed to name any law enforcement officer or penal institution as respondent and thus has failed to comply with R.C. 2725.04(B). *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 742 N.E.2d 651 (2001); *Whitman v. Shaffer*, 8th Dist. Cuyahoga No. 94486, 2010-Ohio-446.

## II. Civ.R. 10 Caption

{¶ 3} Civ.R. 10(A) requires a complaint to include the names and addresses of all parties in the caption. Civ.R. 10(A) applies to Davis's request for habeas corpus, which this court is treating as a petition. *Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, 54 N.E.3d 1242. The failure of Davis to comply with Civ.R. 10(A) provides sufficient grounds to dismiss the request for a writ of habeas corpus. *Greene v. Turner*, 151 Ohio St.3d 513, 2017-Ohio-8305, 90 N.E.3d 901.

## III. Verified Petition

{¶ 4} R.C. 2725.04 requires that a petition for a writ of habeas corpus must be verified. Herein, Davis has failed to verify his request for habeas corpus, which requires dismissal. *Chari v. Vore*, 91 Ohio St.3d 323, 744 N.E.2d 763 (2001); *State ex rel. Crigger v. Ohio Adult Parole Auth.*, 82 Ohio St.3d 270, 695 N.E.2d 254 (1998). In *Vore,* the Ohio Supreme Court firmly established that an unverified petition for habeas corpus must be dismissed.

## IV. Jurisdiction

{¶ 5} Finally, this court lacks jurisdiction to hear the request for a writ of habeas corpus. The exhibit attached to Davis's request for habeas corpus demonstrates that he is currently incarcerated at the Ottawa County Correctional Facility, West Olive, Michigan. Jurisdiction over habeas corpus lies only in the county where the inmate is actually incarcerated. R.C. 2725.03; *Bridges v. McMackin*, 44 Ohio St.3d 135, 541 N.E.2d 1035 (1989); *McAllister v. Ohio Adult Parole Auth.*, 7th Dist. Harrison No. 06 HA 583, 2006-Ohio-3697; *Mott v. Sheriff of Hamilton Cty.*, 48 Ohio App.3d 84, 85, 548 N.E.2d 301 (1st Dist.1988).

{¶ 6} Accordingly, we sua sponte dismiss the request for a writ of habeas corpus. Costs to Davis. The clerk directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 7} Dismissed.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
CORNELIUS J. O'SULLIVAN, JR., J., CONCUR