[Cite as *Ferguson v. Cleveland Div. of Police*, 2025-Ohio-5354.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

DOUGLAS H. FERGUSON, ET AL.,  :

     Relators,  :

                                   No. 115469

     v.  :

THE CITY OF CLEVELAND
DIVISION OF POLICE,  :

     Respondent.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**DATED:** November 25, 2025

---

Writ of Mandamus
Motion No. 588399
Order No. 589946

---

### *Appearances:*

Graziana Law, LLC, and Mark F. Graziani, *for relators.*

Mark Griffin, Director of Law, William M. Menzalora, Chief Assistant Director of Law, Michael J. Pike, Assistant Director of Law II, and Carolina E. Lettrich, Assistant Director of Law, *for respondent.*

MARY J. BOYLE, J.:

{¶ 1} The relators, Douglas Ferguson ("Ferguson") and Jose Rivera ("Rivera"), have filed a complaint for a writ of mandamus. Ferguson and Rivera seek

an order from this court that requires the respondent, the City of Cleveland Division of Police ("CDP"), to close an old arrest. Ferguson and Rivera, in the body of their complaint for mandamus, also seek an order that requires the Ohio Bureau of Criminal Investigation ("BCI") to close and seal any arrest records associated with them. The CDP has filed a motion to dismiss that is granted for the following reasons.

## I. FACTS

{¶ 2} On July 12, 1988, Ferguson was arrested by the CDP for domestic violence. However, no criminal charges were brought against Ferguson as a result of his arrest. Ferguson claims that he is prevented from legally purchasing a firearm because the arrest record for domestic violence has appeared on the National Instant Criminal Background Check System ("NICS") maintained by the FBI. In 1995, Rivera was arrested by the CDP for an unidentified criminal offense. Again, Rivera was not charged or prosecuted for any criminal offense. Apparently, Rivera failed to pass the NICS background check and was denied the ability to purchase a firearm based upon his prior arrest record. Ferguson and Rivera claim that they are entitled to a writ of mandamus that requires the CDP and BCI to remove and seal all references to their arrests in 1988 and 1995.

## II. FAILURE TO COMPLY WITH CIV.R. 10(A)

{¶ 3} Pursuant to Civ.R. 10(A), a complaint must include a caption that lists the names of each party in the action and their respective addresses for service. *Greene v. Turner*, 2017-Ohio-8305, ¶ 8. The failure to comply with this provision

constitutes grounds for dismissal. *Kneuss v. Sloan*, 2016-Ohio-3310, ¶ 11. The relators' complaint includes only the name and address of the CDP. No address was included for service on BCI. This alone is cause for a sua sponte dismissal of the complaint against BCI. *Turner v. Turner*, 2023-Ohio-2187, ¶ 6.

### III.   FAILURE TO COMPLY WITH R.C. 2731.04

{¶ 4}   Ferguson and Rivera are not entitled to a writ of mandamus because R.C. 2731.04 provides that an application for a writ of mandamus must be brought in the name of the state on the relation of the person applying.  Thus, a complaint for a writ of mandamus may be dismissed for failure to bring the action in the name of the state. *Blankenship v. Blackwell*, 2004-Ohio-5596, ¶ 34.  The complaint for mandamus was not brought in the name of the state, and therefore the claim for a writ of mandamus is properly dismissed.  *Shoop v. State*, 2015-Ohio-2068, ¶ 10.

### IV.   ANALYSIS

{¶ 5}   A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992);  *Byrd v. Faber*, 57 Ohio St.3d 56, 60 (1991).

{¶ 6}   Initially, we find that as a department of the City of Cleveland, the CDP is not sui juris.  The CDP is not subject to suit.  *McDade v. Cleveland*, 2012-Ohio-5514 (8th Dist.); *Burgess v. Doe*, 116 Ohio App.3d 61, 65 (12th Dist. 1996).

{¶ 7}   In addition, it is well settled that in order for a writ of mandamus to issue Ferguson and Rivera must demonstrate (1) a clear legal right to the relief

sought; (2) the CDP is under a clear duty to perform the requested act; and (3) there exists no plain and adequate remedy in the ordinary course of the law. *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79, 80 (1988). Herein, Ferguson and Rivera have failed to establish a clear legal right to have the CDP close and seal any arrest records or that the CDP has a legal duty to close and seal the arrest records of Ferguson and Rivera. Also, Ferguson and Rivera possess or possessed adequate remedies at law through limited expungement (R.C. 2953.32) or sealing of their records (R.C. 2953.52). *Schussheim v. Schussheim*, 2013-Ohio-4529, ¶ 17.

{¶ 8} An appeal of the NICS decision to prevent the purchase of a firearm also constitutes an adequate remedy in the ordinary course of the law. *See* Federal Burea of Investigation, criminal background check system, https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/nics/national-instant-criminal-background-check-system-nics-appeals-vaf (accessed Nov. 11, 2025) [https://perma.cc/23ZJ-AYHA]. Other adequate remedies are available to Feguson and Rivera. *See* Supreme Court of Ohio, adult rights restoration, https://www.supremecourt.ohio.gov/docs/Boards/Sentencing/resources/judPractitioner/adultRightsRestoration.pdf (accessed Nov. 11, 2025) [https://perma.cc/ 3PMF-3QKH].

{¶ 9} Accordingly, we grant the CDP's motion to dismiss. Costs to Ferguson and Rivera. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 10} Complaint dismissed.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR