**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Davis v. Hill*, **Slip Opinion No. 2022-Ohio-485.]**

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-485

DAVIS, APPELLANT, *v.* HILL, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Davis v. Hill*, Slip Opinion No. 2022-Ohio-485.]**

*Habeas corpus—Court of appeals' judgment dismissing petition for failure to state valid habeas claim affirmed.*

(No. 2021-0911—Submitted November 9, 2021—Decided February 23, 2022.)

APPEAL from the Court of Appeals for Marion County, No. 9-21-06.

_____

**Per Curiam.**

**{¶ 1}** Appellant, James A. Davis, is incarcerated in the Marion Correctional Institution, where appellee, Leon Hill,[1] is the warden. Davis appeals from the Third District Court of Appeals' judgment dismissing his petition for a writ of habeas corpus. We affirm.

_____

1. Under S.Ct.Prac.R. 4.06(B), the current warden of the Marion Correctional Institution, Leon Hill, is automatically substituted as a party to this action for the former warden, Lyneal Wainwright.

**Background**

**{¶ 2}** In 1997, Davis was convicted on multiple counts of rape, kidnapping, and felonious assault and sentenced to an aggregate prison term of 104 to 155 years. His convictions and sentences were affirmed on appeal. *State v. Davis*, 10 Dist. Franklin Nos. 97APA08-1020 and 97APA08-1021, 1998 WL 255570 (May 19, 1998).

**{¶ 3}** In February 2021, Davis filed a petition for a writ of habeas corpus in the court of appeals against the warden. Davis alleged that the prosecution had suppressed evidence in his case in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and that the trial court had erroneously denied his motion for a new trial. When Davis filed his petition, he paid $108 toward the filing fee. Soon after, the clerk of courts notified Davis that the filing fee was $200. The docket sheet shows that the clerk received the remaining $92 about two weeks later.

**{¶ 4}** The warden filed a motion to dismiss Davis's petition, which the court of appeals granted. The court of appeals first held that Davis had failed to comply with R.C. 2969.25(C), which requires an inmate filing a civil action against a government entity or employee to file an affidavit of indigency if he is seeking a waiver of the prepayment of the court's filing fee. The court of appeals also held that Davis's petition failed to state a claim cognizable in habeas corpus.

**{¶ 5}** Davis appealed to this court as of right.

**Analysis**

**{¶ 6}** We review de novo the court of appeals' judgment dismissing Davis's petition. *State ex rel. Norris v. Wainwright*, 158 Ohio St.3d 20, 2019-Ohio-4138, 139 N.E.3d 867, ¶ 5. Generally, a prisoner is entitled to a writ of habeas corpus only when his maximum sentence has expired and he is being held unlawfully. *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8. A writ of habeas corpus also is appropriate when the sentencing court patently and

unambiguously lacked subject-matter jurisdiction. *Stever v. Wainwright*, 160 Ohio St.3d 139, 2020-Ohio-1452, 154 N.E.3d 55, ¶ 8. The writ is not available to remedy nonjurisdictional errors when there is or was an adequate remedy at law. *Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, 54 N.E.3d 1242, ¶ 6.

{¶ 7} The court of appeals first held that Davis failed to comply with R.C. 2969.25(C). Noncompliance with R.C. 2969.25(C) is a proper reason to dismiss an inmate's action. *State ex rel. Evans v. McGrath*, 151 Ohio St.3d 345, 2017-Ohio-8290, 88 N.E.3d 957, ¶ 5. But R.C. 2969.25(C) applies only to an inmate who "seeks a waiver of the prepayment of the full filing fees." The record shows that Davis did not seek a waiver; he paid the full filing fee. The court of appeals therefore erred in dismissing the petition based on Davis's failure to comply with R.C. 2969.25(C).

{¶ 8} But the court of appeals was correct to dismiss the petition for failure to state a valid habeas claim. Davis's allegations—that he did not receive a fair trial and that the trial court improperly denied his new-trial motion—do not support the claim that the trial court lacked subject-matter jurisdiction. *See Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 (noting that common pleas courts have subject-matter jurisdiction over felony cases under R.C. 2931.03). Moreover, Davis's maximum sentence clearly has not expired. The court of appeals thus properly dismissed Davis's petition.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

James A. Davis, pro se.

Dave Yost, Ohio Attorney General, and M. Scott Criss, Assistant Attorney General, for appellee.

_____